UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERICA BRINKLEY, | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 1:18-cv-1001 |
| | § | |
| HAYS COUNTY AND HAYS COUNTY | § | |
| JUSTICE OF THE PEACE, PRECINCT 5. | § | |
| | § | |
| Defendants. | § | |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE COURT:

For the reasons set out below, Plaintiff respectfully asks the Court to issue a temporary restraining order staying the judgment granting her eviction and requiring Defendants to conduct a new eviction trial.

Erica Brinkley is a renter in Hays County, Texas. On October 30, 2018, her landlord filed an eviction petition against her in Hay County's Justice of the Peace Precinct 5. It was set for trial on November 20. Ms. Brinkley experiences physical impairments that substantially limits her major life activities. She had important doctors' appointments related to those physical impairments scheduled on November 20, which she realized would make it impossible for her to attend her trial. Therefore, she filed a motion for continuance, specifically citing as the basis her need for a reasonable accommodation under the Americans with Disabilities Act. The Court denied the motion, and as a result, she was not able to attend the trial to testify or otherwise contribute to her defense. The court granted the eviction.

Ms. Brinkley respectfully asks this Court to grant her a temporary restraining order, directing the Justice of the Peace to provide her a reasonable accommodation in the form of holding a new eviction trial when she is available to attend.

TEMPORARY RESTRAINING ORDER (TRO)
AND PRELIMINARY INJUNCTION

Plaintiff asks the Court to immediately issue a TRO and set an expedited hearing for preliminary injunction pursuant to Fed. R. Civ. Proc. 65(b)(1), (3).

A. <u>Temporary Restraining Order</u>

To be granted a TRO, a party must show "immediate and irreparable injury… will otherwise result before the adverse party can be heard in opposition," and explain "any efforts made to give notice and the reason why it should not be required." Fed. R. Civ. Proc. 65(b)(1).

Plaintiff's counsel has served a copy of this complaint directly to the named defendants in the manner described in the certificate of service and will continue to make efforts to contact and negotiation with their legal counsel prior to any disposition from this Court, but given the very short time frame at issue, it may not be possible to officially engage them in the suit before Ms. Brinkley suffers immediate and irreparable harm, as described in the sections below.

B. <u>Preliminary Injunction</u>

A preliminary injunction should be granted because Plaintiff can prove:

  (1) Substantial likelihood of prevailing on the merits.

  (2) Substantial threat of suffering irreparable injury if the injunction is not granted.

  (3) The threatened injury to Plaintiffs outweighs the threatened harm to the Defendants.

  (4) Granting the preliminary injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

a. <u>Plaintiff is substantially likely to prevail on their claims</u>

Ms. Brinkley could not attend her trial date because of medical appointments necessitated by her physical impairment. Normally parties attend their trials. She required a reasonable accommodation – a short postponement – to give her equal access to the court system. Accommodating her in that manner would have been reasonable, because it would not have been

2

an undue burden nor would it have fundamentally changed the court's services. She merely sought to have the court date reset to the judge's next availability.

Ms. Brinkley is substantially likely to prevail on these facts. There are three elements in an ADA claim:

> (1) The plaintiff is a qualified individual with a disability within the meaning of the ADA;
>
> (2) She was excluded from participation in, or denied the benefits of the services, programs, or activities for which the public entity is responsible, or was otherwise subject to discrimination by the public entity; and
>
> (3) Such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Melton*, 391 F.3d at 671–72.

The ADA defines disability as: "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. 12102(1); 28 C.F.R. 36.105(a). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks… walking, standing, lifting, bending… and working." 42 U.S.C. 12102(2)(A). Ms. Brinkley has physical impairments that undermine her major life activities, and SHE is therefore protected by the ADA.

Exclusion from a government program includes a government entity's failure to provide a reasonable accommodation for the Plaintiff's disability. Title II of the ADA imposes an affirmative duty on government officials to provide reasonable accommodations to allow people with disabilities access to public programs and services on the same meaningful level as people without disabilities. *Melton v. Dallas Area Rapid Transit*, 391 F. 3d 669, 672 (5th Cir. 2004); *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 454-55 (5th Cir. 2005). The scope includes all "duties, work, or business performed or discharged by… public official[s]." *Frame v. City of Arlington*, 657 F. 3d 215, 226-27 (5th Cir. 2011); *see also Van Velzor v. City of Burleson*, 43 F.

Supp. 3d 746, 754 (N.D.Tex 2014) (collecting cases stating the ADA covers all activities of government). If necessary, public entities must modify their "policies, practices or procedures" as a form of reasonable accommodation. 28 C.F.R. 35.130(b)(7).

Refusing to accommodate Ms. Brinkley's disability by rescheduling trial date excluded her from a government program – its legal system.

An accommodation is "reasonable" if it does not "impose 'undue financial or administrative burdens' or require a 'fundamental alteration in the nature of the program.'" *Van Velzor,* 43 F. Supp. 3d at 752 (citing *Bennett–Nelson*, 431 F.3d at 455 n. 12).

Ms. Brinkley merely asked the Justice of the Peace to reset her trial to the court's first availability after November 20, 2018. Doing so would have been a reasonable accommodation because it would not have imposed an undue burden nor been a fundamental alteration of the program.

Failing to provide a reasonable accommodation is tantamount to excluding that person from the program or service, and is unlawful. *Bennett-Nelson*, 431 F.3d at 455.

Although the Defendant Justice of the Peace did not have discretion under the Texas Rules of Civil Procedure to postpone the eviction trial a second time (TRCP 510.7(c)), doing was a reasonable accommodation required by federal law, and pursuant to the Supremacy Clause of the U.S. Constitution, a court, in the discharge of its duties, must abide by federal laws when they superseded state laws. *See Delta Air Lines, Inc. v. Black*, 116 S.W.3d 745, 748 (Tex. 2003) (if a state law conflicts with federal law, the state law is preempted and "without effect").

Extending a trial date is a reasonable accommodation when the circumstances of a person's disability require an extension. *See, e.g. In re Marriage of James & Christine C.,* 158 Cal. App. 4th 1261 (2008) (trial court erred when it denied wife's second request for an accommodation under the Americans with Disabilities Act for extension of trial date); *see also Mary Jo C. v. New*

4

*York State & Local Ret. Sys*., 707 F.3d 144, 165 (2d Cir. 2013) (district court erred in concluding that extending a state law filing deadline was not a reasonable accommodation).

  b. <u>Plaintiff will suffer imminent, irreparable injury without an preliminary injunction</u>

  For harm to be "imminent," there must be "a reasonable probability that a real injury... will occur if the injunction is not granted." *See United States v. Emerson*, 270 F.3d 203, 262 n.64 (5th Cir. 2001) (internal quotations omitted). For a harm be "irreparable," it must be an injury that cannot be undone through monetary damages. *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).

  <u>The danger is imminent</u>. The Justice of the Peace ruled against Ms. Brinkley on November 20, 2018. Texas Rule of Civil Procedure 510.9(a) gives her only 5 days to appeal the judgment, and it may be set for trial de novo in county court at law as quickly as 8 days after the lower court transmits the record. Tex. R. Civ. Proc. 510.12.

  <u>The injury will be irreparable</u>. Constitutional deprivations are, as a matter of law, irreparable injuries.[1] The deprivation of her rights can never be fully remedied with monetary damages, and is therefore irreparable. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012).[2]

---

[1] *See, e.g. Palmer v. Waxahachie Indep. Sch. Dist*., 579 F.3d 502, 506 (5th Cir. 2009) ("loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury justifying the grant of a preliminary injunction"); *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) ("the right of privacy must be carefully guarded for once an infringement has occurred it cannot be undone by monetary relief"); *Villas at Parkside Partners v. City of Farmers Branch, Tex*., 701 F.Supp.2d 835, 859 (N.D.Tex. 2010) (*citing Morales v. Trans World Airlines, Inc*., 504 U.S. 374, 381 (1992)) (enforcement of a preempted law); *Murillo v. Musegades*, 809 F.Supp. 487, 497 (W.D.Tex. 1992) (search-and-seizure); Mitchell v. Cuomo, 748 F.2d 804, 806 (2nd Cir. 1984) (Eighth Amendment); *Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (right to vote); *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C.Cir. 2009) (search-and-seizure). "It has repeatedly been recognized by the federal courts at all levels that violation of constitutional rights constitutes irreparable harm as a matter of law." *Cohen v. Coahoma Cty., Miss*., 805 F. Supp. 398, 406 (N.D. Miss. 1992)

[2] Further, "the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.'" *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011).

  c. <u>An injunction would serve the public interest, and its benefit would outweigh any conjectural harm to Defendants.</u>

  Since the Justice of the Peace and Hays County are a government entities, the third and fourth elements of the analysis for a granting a preliminary injunction are properly considered together. *Speigel v. City of Houston,* 636 F.2d 997, 1002 (5th Cir. 1981).

  "The public interest does not extend so far as to allow actions that interfere with the exercise of fundamental rights." *Villas*, 701 F.Supp.2d at 879 (citing *Deerfield*, 661 F.2d. at 338-39) (quotations omitted). To the contrary, "it is always in the public interest to prevent violation of a party's constitutional rights." *Bays v. City of Fairborn* 668 F.3d 814, 825 (6th Cir. 2012); *see also Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012). The public interest would be protected, not harmed, by a preliminary injunction. Conversely, Hays County would not experience any harm by allowing Ms. Brinkley to retry to her case at a time when she can be present to contribute to her defense.

  The balance of the elements set out above supports granting a TRO, followed by a preliminary injunction.

  d. <u>Plaintiff asks that no bond be required</u>

  Plaintiff respectfully asks that no bond be required because she is indigent and Defendants will incur no financial hardship, or that bond be set at nominal amount not exceeding $10.00. It is within the Court's discretion to do so. *City of Atlanta v. The Metropolitan Area Rapid Transit Authority*, 636 F.2d 1084, 1094 (5th Cir. 1981) ("the court may elect to require no security at all").

DATED: November 21, 2018

Respectfully submitted,

/s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
brian@austincommunitylawcenter.org

AUSTIN COMMUNITY LAW CENTER
2221 Hancock Drive
Austin, TX 78756
Telephone: (512) 596-0226
Fax: (512) 597-0805

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

Plaintiff is serving copies of this petition on Defendants in the manner described below:

- Hays County Justice of the Peace, Precinct 5, *via fax to* 512-312-9384
- Hays County Judge, *via fax to* 512-393-2248
- Hays County District Attorney Civil Division, *via fax to* 512-393-2246